[929 NE2d 361, 903 NYS2d 299]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE JOHNSON, Appellant.

Argued March 23, 2010; decided May 4, 2010

## POINTS OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.,* Buffalo (*Timothy P. Murphy, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant. Particularly in light of *People v Seaberg* (74 NY2d 1) and its progeny, the brief waiver allocution, the subsequent change of circumstances in the plea agreement, and appellant's youth and inexperience in the court system, the purported appeal waiver is invalid to preclude appellant's challenge to Supreme Court's denial of youthful offender status and the length of the postrelease supervision term. (*People v Callahan,* 80 NY2d 273; *People v Lopez,* 6 NY3d 248; *People v Catu,* 4 NY3d 242; *People v Moissett,* 76 NY2d 909; *People v Brown,* 296 AD2d 860, 98 NY2d 767; *People v Selikoff,* 35 NY2d 227; *People v Muniz,* 91 NY2d 570; *People v Vega,* 49 AD3d 1185; *People v Ramos,* 152 AD2d 209; *People v Coleman,* 242 AD2d 939.)

*Frank A. Sedita, III, District Attorney,* Buffalo (*Shawn P. Hennessy* and *Donna A. Milling* of counsel), for respondent. I. Defendant's waiver of appeal was procured on a knowing, voluntary and intelligent basis. (*People v Moissett,* 76 NY2d 909; *People v Harris,* 61 NY2d 9; *People v Rodriguez,* 50 NY2d 553; *People v Adams,* 38 NY2d 605; *People v White,* 32 NY2d 393; *People v Nixon,* 21 NY2d 338; *People v Callahan,* 80 NY2d 273; *Johnson v Zerbst,* 304 US 458; *Barker v Wingo,* 407 US 514; *People v Seaberg,* 74 NY2d 1.) II. The waiver of appeal was valid after the trial court changed the sentencing commitment. (*People v Maliszewski,* 13 NY3d 756; *People v Nichols,* 21 AD3d 1273; *People v Prince,* 5 AD3d 1098.)

## OPINION OF THE COURT

Graffeo, J.

In this case, we consider whether defendant's waiver of his right to appeal became invalid when the court later decided not

to honor two aspects of defendant's plea agreement. Based on the facts before us, we conclude that the court's modification of those sentencing terms voided defendant's prior waiver of appeal and required the reallocution of the waiver. Because that did not occur, defendant was entitled to pursue an appeal challenging his sentence.

In October 2006, defendant Terrance Johnson, a 16-year-old student, attacked a female teacher with a wooden board near a school. After striking her several times, defendant took the keys to her car and drove away in the teacher's vehicle. Defendant was later apprehended and indicted for robbery in the first degree and two counts of robbery in the second degree.

On the day the trial was scheduled to begin, Supreme Court was informed that a plea agreement had been reached between the People and defendant. In furtherance of the negotiated agreement, Supreme Court indicated that in exchange for a guilty plea to first-degree robbery and a waiver of the right to appeal, defendant would be adjudicated as a youthful offender with a maximum prison sentence of $1\frac{1}{3}$ to 4 years. During the plea allocution, defendant acknowledged that he was facing up to 25 years in prison without the plea deal and he agreed to waive his right to appeal. The court further warned defendant that the maximum sentence could be imposed if he failed to appear for sentencing, did not cooperate with the probation department or committed another crime. After allocuting that he injured the teacher with a board and stole her car, defendant pleaded guilty to robbery in the first degree.

Before sentencing occurred, Supreme Court reconsidered the terms of the plea agreement and decided that it could not abide by all of the terms because "it would be inappropriate to grant youthful offender status, in light of the seriousness of the crime, the injuries to the victim, and other factors." The court also noted that the probation department had recommended against youthful offender treatment. The judge offered defendant the option of withdrawing his plea and proceeding to trial, or retaining the guilty plea and receiving a sentence of five years of imprisonment and five years of postrelease supervision, but without adjudication as a youthful offender. Defense counsel advised the court that defendant did not wish to withdraw his plea and the judge thereafter imposed the new agreed-to sentence, which did not include youthful offender status.

Defendant appealed and the Appellate Division affirmed, concluding that defendant's waiver of his right to appeal remained valid despite the modification of the sentencing component of the plea agreement and that defendant's waiver encompassed any challenge he might have had regarding the denial of youthful offender treatment and the severity of his sentence (60 AD3d 1396 [4th Dept 2009]). A Judge of this Court granted leave to appeal (12 NY3d 855 [2009]).

Defendant urges that his waiver of appeal was invalidated when Supreme Court lengthened his prison sentence and declined to adjudicate him a youthful offender as this was a significant change in circumstances. The People, in contrast, contend that the court's inability to adhere to the original agreement did not undermine the waiver because defendant was originally advised that he faced imprisonment for up to 25 years and had been offered the opportunity to withdraw his plea.

A waiver of the right to appeal may be elicited as a condition of a plea bargain (*see People v Seaberg*, 74 NY2d 1, 5 [1989]), but it must be knowingly, voluntarily and intelligently entered into by the accused (*see e.g. People v Callahan*, 80 NY2d 273, 280 [1992]). We have repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights (*see e.g. People v Moissett*, 76 NY2d 909, 910-911 [1990]) and a waiver will be enforceable if the record demonstrates that the defendant "intentionally relinquishe[d] or abandon[ed] a known right that would otherwise survive a guilty plea" (*People v Hansen*, 95 NY2d 227, 230 n 1 [2000]). A court therefore "must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (*People v Lopez*, 6 NY3d 248, 256 [2006]).

Here, the terms and conditions of the plea agreement offered to defendant in return for his waiver of the right to appeal were unequivocal—Supreme Court promised youthful offender adjudication and a maximum sentence of 1⅓ to 4 years in prison.* The court's pronouncement of these terms was unconditional and defendant was not informed that the court intended to further reflect on the appropriateness of the promised disposition (*see People v Selikoff*, 35 NY2d 227, 238 [1974], *cert denied* 419 US 1122 [1975]). In other words, when defendant agreed to

---

* We reject defendant's contention that the colloquy was insufficient to demonstrate a valid waiver.

waive his right to appeal, he had no reason to suspect that he would not be treated as a youthful offender or receive a sentence in excess of the maximum that had been negotiated.

Because the court did not advise defendant that it was reserving approval of the negotiated disposition until it reviewed the presentencing report or other pertinent information, defendant could not have knowingly and intelligently waived his right to appeal the court's decision not to abide by the original promise of youthful offender treatment and a prison sentence of 1⅓ to 4 years (*cf. People v Hidalgo*, 91 NY2d 733, 737 [1998] [general unrestricted waiver of appeal entered without a specific sentencing promise precludes a challenge to the imposed sentence as harsh and excessive]). Supreme Court's subsequent decision to modify the material terms affecting sentencing therefore vitiated defendant's knowing and intelligent entry of the waiver of appeal. Consequently, once the decision to impose the more severe sentence was announced, it was incumbent on the court to elicit defendant's continuing consent to waive his right to appeal. However, there was no need for the judge to reallocute defendant on his decision to plead guilty because his choice not to withdraw his plea effectively reaffirmed his knowing and intelligent consent to concede guilt. Since defendant was not asked if he further agreed to waive his right to pursue an appeal regarding the modified terms of his sentence, he is not foreclosed from requesting appellate review of the propriety of the denial of youthful offender treatment or the severity of the imposed sentence. We remit this case to the Appellate Division so that it may consider the merits of those claims.

Accordingly, the order of the Appellate Division should be reversed and the case remitted for consideration of issues raised but not determined on the appeal to that court.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.