■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE JOHNSON, Appellant. [901 NYS2d 885]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 31, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree. The judgment was affirmed by order of this Court entered March 20, 2009 in a memorandum decision (60 AD3d 1396 [2009]), and defendant on May 20 2009 was granted leave to appeal to the Court of Appeals from the order of this Court (12 NY3d 855 [2009]), and the Court of Appeals on May 4, 2010 reversed the order and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court in an opinion (14 NY3d 483 [2010]), now,

upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court, it is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: On a prior appeal in *People v Johnson* (60 AD3d 1396 [2009]), we affirmed the judgment convicting defendant, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]). We rejected the contention of defendant that his waiver of the right to appeal was invalid, and we concluded that the waiver of the right to appeal encompassed his challenges to the severity of the sentence and to Supreme Court's denial of his request for youthful offender status (*Johnson*, 60 AD3d 1396 [2009]). The Court of Appeals reversed our order and remitted the case to this Court for consideration of those challenges (*People v Johnson*, 14 NY3d 483 [2010]).

Upon remittitur, we reject the challenge by defendant to the court's denial of his request for youthful offender status (*see People v Bell*, 56 AD3d 1227 [2008], *lv denied* 12 NY3d 781 [2009]; *cf. People v Shrubsall*, 167 AD2d 929, 930 [1990]). "It is well established that the decision whether to grant youthful offender status 'rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Jock*, 68 AD3d 1816 [2009], *lv denied* 14 NY3d 801 [2010]). Here, defendant, who did not have a criminal record, beat one of his former teachers outside the school that he attended. Defendant used a wooden board to strike the victim in the head and face before he took the keys to her vehicle and drove away in that vehicle. We thus conclude that the record amply supports the court's denial of youthful offender status. The sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.