Spain, J. (concurring).
I write separately to explain our view that the record on appeal does not afford a sufficient basis upon which to conclude that defendant’s waiver of the right to appeal was knowing, intelligent or voluntary. While the requirement that defendant waive his right to appeal was genetically recited up front as a term of the plea agreement and defendant signed a written waiver in open court, nothing on “the face of the record” reflects—as it must—defendant’s understanding of the meaning of that condition of the plea agreement, so as to permit its enforcement (People v Callahan, 80 NY2d 273, 280 [1992]; accord People v Lopez, 6 NY3d 248, 256 [2006]; People v Seaberg, 74 NY2d 1, 11 [1989]).
“Giving up the right to appeal is not a perfunctory step” (People v Lopez, 6 NY3d at 256). There is no dispute that a waiver of the right to appeal, whether done orally during a plea colloquy or in combination with a written waiver, will be enforced only when the record actually demonstrates that it was knowingly, voluntarily and intelligently made, a determination necessarily made, in the first instance, by the trial court (see People v Lopez, 6 NY3d at 256; People v Callahan, 80 NY2d at 280; People v Seaberg, 74 NY2d at 11). While eschewing “any particular litany,” the Court of Appeals has steadfastly adhered to the principle that “a defendant’s understanding of the terms and conditions of a plea agreement [must be] evident on the face of the record” (People v Lopez, 6 NY3d at 256 [emphasis added]; accord People v Johnson, 14 NY3d 483, 486 [2010]; People v Callahan, 80 NY2d at 280). This requirement stems, in part, from the fact that “appellate courts also have the responsibility to oversee the process and to review the record to ensure that the defendant’s waiver of the right to appeal reflects a knowing and voluntary choice” (People v Callahan, 80 NY2d at 280). If the defendant’s understanding is not adequately reflected in a colloquy on the record, informed appellate review is simply not possible.
What must, in any given case, be reflected on the record about a defendant’s understanding of an appeal waiver when he or she executes a written appeal waiver in open court is the subject *754 of ongoing debate. At one end, a “silent record” will not suffice and, thus, where a defendant reportedly signs an appeal waiver outside of court and there is “no record discussion between the court and [the] defendant concerning the waiver,” it is ineffective {id. at 283). There must be “some judicial examination of the waiver itself with a manifestation expressed on the record, as may be appropriate ... to show satisfaction of [Court of Appeals’] protocols” (People v Calvi, 89 NY2d 868, 871 [1996]). Thus, in our view, the content of the written waiver cannot, by itself, establish the defendant’s understanding or satisfy the court’s duty of inquiry. On the other end, in People v Lopez (supra) the Court of Appeals recommended the practice of combining an in-court execution of a written appeal waiver with a concomitant detailed colloquy.
While the Court of Appeals has not offered specific guidance on what must be discussed—on the record—when a defendant is executing a written appeal waiver, its decisions are instructive. At a minimum, we firmly believe that there must be some record discussion between the defendant, counsel and the court concerning the appeal waiver, in which the defendant acknowledges the signature (or signs in open court) and—directly or through counsel—expresses an awareness and understanding of its content. This can be accomplished, by way of example, by the court providing an explanation on the record or by an on-the-record indication that counsel previously discussed the matter with the defendant. Under any scenario, however, the defendant’s understanding must be reflected, e.g., by assurance that he or she has no questions on the ¿natter either for the court or counsel (see People v Callahan, 80 NY2d at 283; see e.g. People v Mosher, 45 AD3d 970, 970 [2007], lv denied 10 NY3d 814 [2008]). Thus, whether the defendant’s appeal waiver occurs solely as part of the oral plea colloquy, or is accompanied by a written waiver, the overriding consideration and prerequisite are that the defendant’s understanding of that condition of the plea, as with all others, be “apparent on the face of the record” (People v Callahan, 80 NY2d at 280). This is not a test or a “mandatory litany” (People v Johnson, 14 NY3d at 486) or “a uniform mandatory catechism” (People v Seeber, 4 NY3d 780, 781 [2005] [citation omitted]) but, rather, a principle by which appeal waivers may be competently reviewed on appeal. It should not be relegated to a mere “recommendation” to trial courts.
People v Ramos (7 NY3d 737 [2006]), a memorandum decision often cited in cases in which there is a written appeal waiver, is not to the contrary. Nothing in Ramos supports the conclusion *755 either (1) that a written appeal waiver alone can ever be adequate, or (2) that the Court eliminated the long-standing requirement in People v Seaberg (74 NY2d at 11) and its progeny that the defendant’s understanding must be reflected “upon the record.” In all cases, the record and colloquy must be “sufficient to guarantee that [the] defendant understood the valued right [he or she] was relinquishing” (People v Lopez, 6 NY3d at 257).
Requiring trial courts to engage in a limited inquiry of a defendant (and counsel) who is executing a written appeal waiver will also insure that oral colloquies by trial judges accepting appeal waivers are not summarily dispensed with and replaced by written appeal waivers (often containing other lengthy plea conditions) drafted by prosecutors, which may not be fully explained to or understood by the accused. Indeed, we have condemned the practice of “plea by check off list” in which writings containing waivers and agreements are “substituted for on-the-record discussions between the defendant and the court” (People v McDermott, 68 AD3d 1453, 1454 [2009]). We reiterated that—aside from a written waiver—courts have a “constitutional responsibility to review the terms and conditions of the plea agreement, the defendant’s rights and those rights that the defendant is giving up and the concomitant responsibility to ascertain that the defendant understands them and is knowingly, intelligently and voluntarily waiving them [all of which] must appear ‘on the face of the record’ ” (id. at 1454, quoting People v Lopez, 6 NY3d at 256). Mandating a sufficient, albeit minimum, on-the-record discussion of an appeal waiver will also more successfully achieve the goal of finality that underscores plea bargaining in general and waivers of appeal in particular, i.e., “prompt, effective resolution of criminal litigation” (People v Lopez, 6 NY3d at 255).
Here, because the record contains nothing to reflect defendant’s understanding of the appeal waiver signed in open court, and no discussion occurred regarding its content and meaning, there is not an adequate basis upon which to conclude that it was voluntary, intelligent and knowing. Counsel’s cursory, fleeting remark, “I have reviewed it with Mr. McCaskill,” simply does not establish that defendant understood it. Thus, we would hold that the appeal waiver is unenforceable. However, unpersuaded by defendant’s contention that his sentence is harsh and excessive, we would likewise affirm the judgment of conviction.
Stein, J., concurs. Ordered that the judgment is affirmed.