◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL GRAHAM, Appellant. (Appeal No. 1.) [908 NYS2d 490]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered January 6, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to the contention of defendant in each appeal, we conclude that he validly waived his right to appeal. Supreme Court made clear that the waiver of the right to appeal was a condition of each plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was "separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Dillon*, 67 AD3d 1382 [2009]). Contrary to the contention of defendant in appeal No. 2, "[t]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights," including the right to appeal (*People v Moissett*, 76 NY2d 909, 910-911 [1990]). Thus, his "waiver [of the right to appeal] is not invalid on the ground that the court did not specifically inform [him] that his general waiver of the right to appeal encompassed the court's suppression rulings" (*People v Tantao*, 41 AD3d 1274, 1275 [2007], *lv denied* 9 NY3d 882 [2007]), and his waiver of the right to appeal thus encompasses

his challenge to the court's suppression ruling in appeal No. 2 (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Garner*, 52 AD3d 1265, 1266 [2008], *lv denied* 11 NY3d 736 [2008]). The contention of defendant in appeal No. 1 that he was prejudiced by alleged prosecutorial misconduct during the grand jury proceeding is likewise forfeited by his valid waiver of the right to appeal (*see People v Di Raffaele*, 55 NY2d 234, 240 [1982]).

Although the contention of defendant in his pro se supplemental brief that his guilty plea in each appeal was not knowingly and intelligently entered survives his waiver of the right to appeal, defendant failed to preserve his contention for our review by failing to move to withdraw his pleas or to vacate the judgments of conviction (*see People v Brown*, 66 [2009]AD3d 1385, *lv denied* 14 NY3d 839 [2010]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]). To the extent that the further contention of defendant in his pro se supplemental brief concerning alleged ineffective assistance of counsel in each appeal survives the plea and the waiver of the right to appeal (*see People v Wright*, 66 AD3d 1334 [2009], *lv denied* 13 NY3d 912 [2009]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Indeed, there is no support in the record for the contention of defendant that defense counsel misinformed him about a promised sentence cap and, to the extent that he relies upon alleged misrepresentations by defense counsel that are outside the record on appeal, the proper vehicle for challenging those alleged misrepresentations is a motion pursuant to CPL article 440 (*see People v Gilchrist*, 251 AD2d 1030, 1031 [1998], *lv denied* 92 NY2d 925 [1998]).

Finally, although the challenge by defendant to the severity of the sentence in each appeal is not encompassed by the waiver of the right to appeal inasmuch as "defendant waived his right to appeal before [the court] advised him of the potential periods of imprisonment that could be imposed" (*People v Mingo*, 38 AD3d 1270, 1271 [2007]), we nevertheless conclude that the sentences are not unduly harsh or severe. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.