# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1222**

**KA 12-00374**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DALE W. BRAND, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 21, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention. The plea colloquy conducted by County Court adequately apprised defendant that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Graham*, 77 AD3d 1439, 1439, *lv denied* 15 NY3d 920). Contrary to defendant's contention, his " 'waiver [of the right to appeal] is not invalid on the ground that the court did not specifically inform [him] that his general waiver of the right to appeal encompassed the court's suppression rulings' " (*Graham*, 77 AD3d at 1439). Moreover, defendant's history of mental illness did not invalidate the waiver of the right to appeal inasmuch as there was no showing that " 'defendant was uninformed, confused or incompetent when he' waived his right to appeal" (*People v DeFazio*, 105 AD3d 1438, 1439, *lv denied* 21 NY3d 1015). The valid waiver by defendant of the right to appeal encompasses his challenge to the suppression rulings (*see People v Kemp*, 94 NY2d 831, 833), and his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *see generally People v*

*Hidalgo*, 91 NY2d 733, 737).

Entered:  December 27, 2013                Frances E. Cafarell
                                           Clerk of the Court