Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  June 25, 2015                    106899
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MARTIN O. POPE JR.,
                        Appellant.
_____


Calendar Date:  April 27, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                        _____


        Abbie Goldbas, Utica, for appellant.

        William G. Gabor, District Attorney, Wampsville (Elizabeth
S. Healy of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Madison
County (McDermott, J.), rendered June 9, 2014, convicting
defendant upon his plea of guilty of the crime of criminal
contempt in the first degree.

        Defendant pleaded guilty to criminal contempt in the first
degree and waived his right to appeal.  He was thereafter
sentenced, as a second felony offender, to 1¾ to 3½ years in
prison, to be served concurrently with a sentence that he was
already serving.  Defendant now appeals.

        Initially, our review of the record leads us to conclude
that defendant did not knowingly, intelligently and voluntarily
waive the right to appeal.  When an appeal waiver is challenged,

the operative question is whether the trial court has confirmed on the record that the defendant understands the terms and conditions of his or her plea agreement (see People v Sanders, ___ NY3d ___, ___, 2015 NY Slip Op 04755, *2 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]).  A review of the plea allocution here shows that County Court was the first to raise an appeal waiver as a condition of the plea, and then gave the following explanation: "Now, it doesn't matter whether guilt is a result of a plea of guilty or a jury verdict.  Either way you have a right to appeal.  And the appeal would go to a higher court called the Appellate Division.  These are five judges that sit together in Albany.  They review the record of what happened here.  If they find any mistakes were made or any of your rights violated they could vacate the conviction, reduce or throw out the sentence, or send everything back to me and have me do it all over again from the top.  So you understand all of that?"  Defendant simply responded "yes" and nothing more was said about the appeal waiver.

The flaw here is that while County Court clearly explained the right to appeal, it failed to come back around to the point that defendant was actually waiving that distinct right.  From his one-word response, we are left uncertain as to whether defendant understood the right to appeal or the plea requirement that he was waiving that right.  Nor did the court inquire of defendant as to whether he discussed the waiver with counsel, who stood by without comment (see People v Phipps, 127 AD3d 1500, 1501 [2015]).  This deficiency in the record was not cured when defendant was asked to sign an appeal waiver later that same day at sentencing, for the court engaged in no substantive discussion with defendant or his attorney as to whether defendant comprehended the waiver.  Finally, there is no explanation in the written waiver that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d at 256).  As such, we conclude that the appeal waiver is invalid.  That being said, defendant's challenge to the voluntariness of his plea due to the asserted ineffective assistance of counsel attendant the appeal waiver was not preserved by a postallocution motion to withdraw his plea, and nothing was said during the plea colloquy to trigger the narrow exception to the preservation requirement (see People v Lopez, 71

NY2d 662, 665-666 [1988]; People v Ortiz, 127 AD3d 1416, 1417 [2015]).  Accordingly, we affirm the judgment of conviction.

McCarthy, J.P., and Clark, J., concur.


Devine, J. (concurring).

I have no quarrel with the affirmance of the judgment of conviction.  I write, rather, to express my belief that defendant knowingly, intelligently and voluntarily waived his right to appeal from the conviction and sentence.

"A waiver of the right to appeal may be elicited as a condition of a plea bargain, but it must be knowingly, voluntarily and intelligently entered into by the accused" (People v Johnson, 14 NY3d 483, 486 [2010] [citations omitted]; see People v Bradshaw, 18 NY3d 257, 264 [2011]).  It has long been the rule that "there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d at 486; see People v Sanders, ___ NY3d ___, ___, 2015 NY Slip Op 04755, *2 [2015]).  Rather than requiring a trial court to blindly follow a uniform procedure, it need only ensure on the record that "a defendant has a full appreciation of the consequences of such waiver . . . [and] comprehend[s] that an appeal waiver is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Bradshaw, 18 NY3d at 264 [internal quotation marks and citations omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]).  In so doing, the trial court must assess all of the relevant factors "surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused" (People v Seaberg, 74 NY2d 1, 11 [1989]; see People v Sanders, 2015 NY Slip Op 04755 at *2).

Initially, defendant was only 24 years old at the time that he pleaded guilty, but he is a second felony offender, and his extensive prior involvement with the criminal justice system must be taken into account in assessing whether he knowingly and intelligently waived his right to appeal (see People v Sanders, 2015 NY Slip Op 04755 at *3).  Regarding the waiver itself,

County Court advised defendant during the plea colloquy as to the meaning of the right to appeal, specified that an appeal could be taken from either "a plea of guilty or a jury verdict," and made clear that "a waiver of [defendant's] right to appeal" would be the "final thing" required under the plea offer. Although "[a] better practice might have been to explain to defendant that though he ordinarily retains the right to an appeal even after pleading guilty, in this case he was being offered a particular plea by the prosecution on the condition that he give up that right," the failure by County Court to go into that level of detail did not render the waiver invalid (People v Lopez, 6 NY3d at 257 [emphasis added]). Defendant then indicated that he understood and conferred with defense counsel, after which he questioned County Court extensively regarding jail time credit, but raised no issues regarding the appeal waiver.

The plea colloquy accordingly reveals no confusion on the part of defendant as to the appeal waiver but, even if it did, any confusion was quickly dispelled later that day at sentencing. At that point, the record demonstrates that defendant consulted with counsel and executed a written document declaring in bold print that it is a "waiver of [the] right to appeal and other rights." The written waiver goes on to explain the right to appeal, and defendant acknowledged in it that he had "been advised of, and waive[d], [his] right to appeal from the judgment of conviction or sentence." Defendant then reiterated in the written waiver that he had been "fully informed" of his right to appeal and was "voluntarily and knowingly" waiving it after discussing the matter with counsel.[1] These facts, in my view, demonstrate that there was a sufficient "judicial examination of the waiver itself with a manifestation [of understanding by defendant] expressed on the record" (People v Calvi, 89 NY2d 868, 871 [1996]), and that the waiver "reflect[ed] a knowing and voluntary choice" by defendant (People v Callahan, 80 NY2d 273,

---

[1] It is somewhat peculiar for a written appeal waiver to be executed at sentencing after the waiver is discussed during a plea colloquy, but we have previously found such a procedure to be acceptable (see People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]).

280 [1992]).  I would therefore find that defendant had validly waived his right to appeal from the conviction and sentence (see People v Ramos, 7 NY3d 737, 738 [2006]; People v McCaskill, 76 AD3d 751, 752-753 [2010]).

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court