Devine, J.
(concurring). I have no quarrel with the affirmance of the judgment of conviction. I write, rather, to express my belief that defendant knowingly, intelligently and voluntarily waived his right to appeal from the conviction and sentence.
“A waiver of the right to appeal may be elicited as a condition of a plea bargain, but it must be knowingly, voluntarily and intelligently entered into by the accused” (People v Johnson, 14 NY3d 483, 486 [2010] [citations omitted]; see People v Bradshaw, 18 NY3d 257, 264 [2011]). It has long been the rule that “there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights” (People v Johnson, 14 NY3d at 486; see People v Sanders, 25 NY3d 337, 341 [2015]). Rather than requiring a trial court to blindly follow a uniform procedure, it need only ensure on the record that “a defendant has a full appreciation of the consequences of such waiver . . . [and] comprehend [s] that an appeal waiver is separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Bradshaw, 18 NY3d at 264 [internal quotation marks and citations omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). In so doing, the trial court must assess all of the relevant factors “surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused” (People v Seaberg, 74 NY2d 1, 11 [1989]; see People v Sanders, 2015 NY Slip Op 04755 at *2 [2015]).
Initially, defendant was only 24 years old at the time that he pleaded guilty, but he is a second felony offender, and his *1391 extensive prior involvement with the criminal justice system must be taken into account in assessing whether he knowingly and intelligently waived his right to appeal (see People v Sanders, 2015 NY Slip Op 04755 at *3 [2015]). Regarding the waiver itself, County Court advised defendant during the plea colloquy as to the meaning of the right to appeal, specified that an appeal could be taken from either “a plea of guilty or a jury verdict,” and made clear that “a waiver of [defendant’s] right to appeal” would be the “final thing” required under the plea offer. Although “[a] better practice might have been to explain to defendant that though he ordinarily retains the right to an appeal even after pleading guilty, in this case he was being offered a particular plea by the prosecution on the condition that he give up that right,” the failure by County Court to go into that level of detail did not render the waiver invalid (People v Lopez, 6 NY3d at 257 [emphasis added]). Defendant then indicated that he understood and conferred with defense counsel, after which he questioned County Court extensively regarding jail time credit, but raised no issues regarding the appeal waiver.
The plea colloquy accordingly reveals no confusion on the part of defendant as to the appeal waiver but, even if it did, any confusion was quickly dispelled later that day at sentencing. At that point, the record demonstrates that defendant consulted with counsel and executed a written document declaring in bold print that it is a “waiver of [the] right to appeal and other rights.” The written waiver goes on to explain the right to appeal, and defendant acknowledged in it that he had “been advised of, and waive [d], [his] right to appeal from the judgment of conviction or sentence.” Defendant then reiterated in the written waiver that he had been “fully informed” of his right to appeal and was “voluntarily and knowingly” waiving it after discussing the matter with counsel.* These facts, in my view, demonstrate that there was a sufficient “judicial examination of the waiver itself with a manifestation [of understanding by defendant] expressed on the record” (People v Calvi, 89 NY2d 868, 871 [1996]), and that the waiver “reflect[ed] a knowing and voluntary choice” by defendant (People v Callahan, 80 NY2d 273, 280 [1992]). I would therefore find that defendant had validly waived his right to appeal from the conviction and sentence (see People v Ramos, 7 NY3d 737, 738 [2006]; People v McCaskill, 76 AD3d 751, 752-753 [2010]).
*1392 Ordered that the judgment is affirmed.

 It is somewhat peculiar for a written appeal waiver to be executed at sentencing after the waiver is discussed during a plea colloquy, but we have previously found such a procedure to be acceptable (see People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]).