■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLOMON L. WEEMS, Appellant. (Appeal No. 1.) [33 NYS3d 919]—

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered February 14, 2013. The judgment

convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of rape in the first degree (§ 130.35 [1]). Defendant pleaded guilty to the crimes in one plea proceeding. We reject defendant's contention in both appeals that his waiver of the right to appeal was invalid. County Court " 'made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Graham*, 77 AD3d 1439, 1439 [2010], *lv denied* 15 NY3d 920 [2010], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver of the right to appeal encompasses defendant's further contention in both appeals that the sentence is unduly harsh and severe (*see generally Lopez*, 6 NY3d at 255-256). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.