# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**112**
**KA 13-00143**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

DARRYL GOODWIN, ALSO KNOWN AS DARYL GOODWIN,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Thomas E. Moran, J.), rendered November 26, 2012.  The judgment
convicted defendant, upon his plea of guilty, of criminal possession
of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his
plea of guilty of criminal possession of a controlled substance in the
third degree (Penal Law § 220.16 [1]), defendant contends that his
waiver of the right to appeal was invalid.  We reject that contention
inasmuch as the record demonstrates that the waiver was knowingly,
intelligently, and voluntarily entered (*see generally People v
Sanders*, 25 NY3d 337, 341-342).  Contrary to defendant's contention,
his "waiver [of the right to appeal] is not invalid on the ground that
[Supreme Court] did not specifically inform [him] that his general
waiver of the right to appeal encompassed the court's suppression
rulings" (*People v Brand*, 112 AD3d 1320, 1321, *lv denied* 23 NY3d 961
[internal quotation marks omitted]).  Thus, defendant's valid waiver
of the right to appeal encompasses his contention that the court erred
in denying his suppression motion (*see Sanders*, 25 NY3d at 342).

Entered:  February 3, 2017                      Frances E. Cafarell
                                                Clerk of the Court