People v Fox (2019 NY Slip Op 04584)





People v Fox


2019 NY Slip Op 04584


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


598 KA 18-00525

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND O. FOX, JR., DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered November 30, 2017. The judgment convicted defendant, upon his plea of guilty, of failure to register and/or verify his status as a sex offender by failing to personally appear for an updated photograph. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of failure to register and/or verify his status as a sex offender by failing to personally appear for an updated photograph (Correction Law §§ 168-f [2] [c-1]; 168-t). While we agree with defendant that the written waiver of the right to appeal does not establish a valid waiver because it was not executed until sentencing (see People v Brown, 148 AD3d 1562, 1562-1563 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v Sims, 129 AD3d 1509, 1510 [4th Dept 2015], lv denied 26 NY3d 935 [2015]; People v Pieper, 104 AD3d 1225, 1225 [4th Dept 2013]), we nonetheless conclude that defendant validly waived his right to appeal inasmuch as the record of the plea proceeding establishes that County Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Suttles, 107 AD3d 1467, 1468 [4th Dept 2013], lv denied 21 NY3d 1046 [2013] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). The court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see People v Alfiere, 156 AD3d 1446, 1446 [4th Dept 2017], lv denied 31 NY3d 980 [2018]). "Although defendant's release to parole supervision does not render his challenge to the severity of the sentence moot because he remains under the control of the Parole Board until his sentence has terminated" (People v Williams, 160 AD3d 1470, 1471 [4th Dept 2018] [internal quotation marks omitted]), the valid waiver of the right to appeal with respect to both the conviction and sentence forecloses defendant's challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court