People v Ellison (2019 NY Slip Op 07413)





People v Ellison


2019 NY Slip Op 07413


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-00204
 (Ind. No. 883/16)

[*1]The People of the State of New York, respondent,
v
Lodea Ellison, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Steven W. Paynter, J.), imposed November 22, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to one count of burglary in the third degree and waived his right to appeal. In return, the defendant was promised a sentence of three years' imprisonment with no postrelease supervision.
When the defendant appeared for sentencing, however, the Supreme Court informed the defendant that it could not honor its sentencing commitment because the promised sentence was not a legal sentence for a conviction of burglary in the third degree. The defendant was given the opportunity to withdraw his plea of guilty or to plead guilty to one count of attempted burglary in the second degree in exchange for a sentence of 3 years' imprisonment plus 1½ years of postrelease supervision. The defendant chose the latter option and pleaded guilty to one count of attempted burglary in the second degree. He was subsequently sentenced to 3 years' imprisonment plus 1½ years of postrelease supervision.
The defendant appeals, as limited by his motion (see 22 NYCRR 670.11[b]), from the sentence, arguing that it was excessive under the circumstances. The People respond that the defendant's contention is precluded by his waiver of the right to appeal made in connection with the original plea agreement. The People further contend that the sentence that the defendant actually received was not excessive.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). However, a waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (id. at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Batista, 167 AD3d 69, 73; People v Brown, 122 AD3d 133, 136).
Here, the Supreme Court was unable to fulfill its sentencing commitment because the sentence it had promised was illegal (see generally People v Selikoff, 35 NY2d 227, 238). Although the defendant ultimately agreed to plead guilty to a different crime in return for a different sentence, the modification of the material terms of the original plea agreement "vitiated defendant's knowing and intelligent entry of the waiver of appeal" (People v Johnson, 14 NY3d 483, 487). Under such circumstances, "it was incumbent on the court to elicit defendant's continuing consent to waive his right to appeal" (id. at 487). Since the court did not obtain the defendant's continuing consent to waive his right to appeal after the material terms of the original plea agreement were changed, the defendant is not precluded from arguing that the sentence imposed was excessive (see id.).
Nevertheless, the record reveals that the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court