People v Batiste (2020 NY Slip Op 01923)





People v Batiste


2020 NY Slip Op 01923


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-06884

[*1]The People of the State of New York, respondent,
v
Ashleigh Batiste, appellant.


Paul Skip Laisure, New York, NY (Melissa S. Horlick of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), imposed May 2, 2018, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
On May 3, 2017, the defendant pleaded guilty to assault in the second degree, a class D felony (Penal Law § 120.05), and assault in the third degree, a class A misdemeanor (Penal Law § 120.00), in exchange for the Supreme Court's promise that, if she successfully completed a mental health treatment program, her plea to the felony charge would be vacated, and she would be sentenced to a conditional discharge on the misdemeanor charge. The court explained that, if the defendant failed to successfully complete the program, she would be sentenced to a term of imprisonment of two years. At the outset of the subsequent sentencing proceeding, it was noted that the defendant failed to successfully complete the treatment program. The court then imposed the promised sentence as well as a two-year period of postrelease supervision not previously mentioned at the plea proceeding.
The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the component of her sentence which imposed a two-year term of imprisonment was excessive (see People v Bradshaw, 18 NY3d 257, 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 255; People v Hernandez, 171 AD3d 791, 791).
Contrary to the People's contention, however, the defendant's waiver of her right to appeal, given at the time of her plea of guilty, does not preclude appellate review of her contention that the component of her sentence which imposed a two-year period of postrelease supervision was excessive (see People v Dym, 175 AD3d 1553, 1554). The record reflects that, at the time of the waiver, the defendant was not informed that her sentence would include a period of postrelease supervision if she failed to successfully complete a mental health treatment program. As a result, the defendant's waiver of her right to appeal did not encompass her challenge to the severity of the postrelease supervision component of her sentence which, at that point, "had not yet been declared [*2]by the court" (People v Maracle, 19 NY3d 925, 928; see People v Johnson, 14 NY3d 483, 487; People v Jackson, 166 AD3d 649, 650).
Nevertheless, the period of postrelease supervision was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court