People v Yeager (2024 NY Slip Op 03846)

People v Yeager

2024 NY Slip Op 03846

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

113100
[*1]The People of the State of New York, Respondent,
v
Jonah P. Yeager, Appellant.

Calendar Date:June 14, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Dennis J. Lamb, Troy, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (Timothy J. Lawliss, J.), rendered June 2, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to plead guilty to criminal possession of a controlled substance in the third degree in satisfaction of a four-count superior court information. Under the terms of the plea agreement, defendant was to be sentenced either to 364 days in jail or to six months in jail and five years of probation, and he was required to waive the right to appeal. During the plea colloquy, County Court admonished defendant that it would not be bound by the agreed-upon sentencing commitment if defendant violated local, state or federal law between the date of the plea and the date of sentencing, and that the maximum sentence he could then receive as the result of such a violation would be nine years in prison followed by two years of postrelease supervision.
At sentencing, County Court noted that defendant stated during his interview with the Probation Department as part of its presentence investigation that he had been using cocaine daily up until a couple of days before the interview. For failing to comply with the conditions of the plea agreement by violating state law, County Court sentenced defendant to an enhanced prison term of three years followed by two years of postrelease supervision. Defendant appeals, and we affirm.
Initially, we are unpersuaded by defendant's contention that he did not validly waive his right to appeal because his attorney did not sufficiently review the written waiver with him. The record reveals that, prior to the plea proceeding, defense counsel had gone over all of the contents of the appeal waiver with defendant on the telephone. Further, while defendant and his attorney were not in the same physical location during the plea hearing given that it was conducted virtually as a result of the COVID-19 pandemic, defendant was provided a copy of the written appeal waiver, read it in its entirety, confirmed that he fully understood it and indicated that he had no questions about it either for his attorney or the court. Defendant then freely signed the written waiver of appeal. Under these circumstances, and noting that " 'there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights' " (People v Smith, 210 AD3d 1207, 1208 [3d Dept 2022], quoting People v Johnson, 14 NY3d 483, 486 [2010]; see People v Daniels, 193 AD3d 1179, 1179-1180 [3d Dept 2021]), we find that defendant's argument is without merit.
Given the valid appeal waiver, and noting that County Court advised defendant of the consequences of violating the law prior to sentencing, defendant's challenge to the postrelease supervision component of the enhanced sentence as unduly harsh and severe is precluded (see People v Trent, 206 AD3d 1355, 1356 [3d Dept 2022]; People [*2]v Wilson, 194 AD3d 1195, 1196 [3d Dept 2021]). In any event, we perceive no basis to disturb that aspect of the sentence (see People v Buchas, 226 AD3d 1217, 1218 [3d Dept 2024]).
Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.