People v Correia (2025 NY Slip Op 04433)

People v Correia

2025 NY Slip Op 04433

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

596 KA 23-00096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHELLE E. CORREIA, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered October 20, 2022. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the second degree and leaving the scene of an incident resulting in death without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a plea of guilty, of manslaughter in the second degree (Penal Law § 125.15 [1]) and leaving the scene of an incident resulting in death without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [ii]). Contrary to defendant's contention, the record establishes that she knowingly, voluntarily, and intelligently waived her right to appeal (see People v Alfonso, 237 AD3d 1572, 1572-1573 [4th Dept 2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). Supreme Court, relying on the appropriate model colloquy (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567), orally explained that a criminal defendant normally retains the right to appeal even after pleading guilty, that the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty, and that defendant was waiving "the right to have an appellate court review most potential claims of error," including claims regarding the severity of the sentence, while also retaining "the right to appeal a limited number of issues," including the voluntariness of the plea and of the waiver (see People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]; People v Edmonds, 229 AD3d 1275, 1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). Defendant's assertion that the oral colloquy was defective because it omitted certain information contained in the model colloquy regarding the appellate process is without merit inasmuch as "there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486 [2010]; see Thomas, 34 NY3d at 563; Alfonso, 237 AD3d at 1573) and, in any event, the written waiver form executed by defendant—which followed the model colloquy and contained the information omitted from the oral colloquy—cured that alleged defect (see People v Hoose, 236 AD3d 1294, 1295 [4th Dept 2025]; see generally Thomas, 34 NY3d at 563 and n 5). Contrary to defendant's related assertion, the record establishes that the court ascertained that defendant, before signing the written waiver form, had reviewed the contents thereof with her attorney and understood the appellate rights she was giving up as a result of the waiver (see Edmonds, 229 AD3d at 1278; cf. People v Bradshaw, 18 NY3d 257, 262 [2011]; People v Callahan, 80 NY2d 273, 283 [1992]). We conclude that "all the relevant circumstances," including both the oral colloquy and the written waiver form, "reveal a knowing and voluntary waiver" (Thomas, 34 NY3d at 563; see Alfonso, 237 AD3d at 1573). Defendant's valid waiver of the right to appeal forecloses our review of her challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; People v Pluviose, — AD3d &mdash, &mdash, 2025 NY Slip Op 03449, *1 [4th Dept 2025]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court