People v Romanchik (2025 NY Slip Op 05609)

People v Romanchik

2025 NY Slip Op 05609

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

736 KA 23-00473

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GORDON C. ROMANCHIK, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (RICHARD SULLIVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered December 21, 2022. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Hoose, 236 AD3d 1294, 1295-1296 [4th Dept 2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). County Court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see People v Edmonds, 229 AD3d 1275, 1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). The court also confirmed defendant's understanding that the waiver was "not an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]; Edmonds, 229 AD3d at 1277). Indeed, using the appropriate model colloquy (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567), the court properly explained that defendant retained the right to take an appeal but that his conviction and sentence would "normally . . . be final" because he was giving up the right to appellate review of "most claims of error," including the severity of the sentence, except for a "limited number of claims" that would survive the appeal waiver, such as the voluntariness of the plea, the validity of the appeal waiver, the legality of the sentence, and the jurisdiction of the court (see Figueroa, 230 AD3d at 1582; Edmonds, 229 AD3d at 1277). Defendant's assertion that the oral colloquy was defective because it omitted certain information contained in the model colloquy regarding the appellate process is without merit inasmuch as "there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486 [2010]; see Thomas, 34 NY3d at 563; People v Correia, 240 AD3d 1440, 1441 [4th Dept 2025]). Contrary to defendant's further assertions, the waiver of the right to appeal was not rendered invalid on the ground that "some of defendant's responses to the court's inquiries were monosyllabic" (Hoose, 236 AD3d at 1295 [internal quotation marks omitted]) and " '[t]he fact that the appeal waiver was not reduced to writing is of no moment where, as here, the oral waiver was adequate' " (People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; see Lopez, 6 NY3d at 257; People v Thomas, 237 AD3d 1557, 1558 [4th Dept [*2]2025]).
Defendant next contends that, because he did not recite the elements of the crime to which he pleaded guilty and gave monosyllabic responses to the court's questions during the plea allocution, the plea colloquy does not establish that he understood the nature of that crime and thus casts doubt upon the voluntariness of his plea. Those contentions " 'are actually [challenges] addressed to the factual sufficiency of the plea allocution' " (People v Wilson, 159 AD3d 1542, 1544 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]), which are encompassed by the valid waiver of the right to appeal (see Hoose, 236 AD3d at 1296; People v Kosmetatos, 178 AD3d 1433, 1433-1434 [4th Dept 2019], lv denied 35 NY3d 994 [2020]).
To the extent that defendant challenges the actual voluntariness of his plea, that contention, although not precluded by the valid waiver of the right to appeal (see Thomas, 34 NY3d at 558), is not preserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction (see People v Rodriguez, 156 AD3d 1433, 1434 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]; see also People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). The narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case. Defendant said "[n]othing . . . during the plea colloquy itself" that negated an element of the pleaded-to crime or otherwise called into doubt the voluntariness of his plea (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see Edmonds, 229 AD3d at 1276) and therefore, contrary to defendant's suggestion, the court had no duty to conduct further inquiry with respect to the plea (see Lopez, 71 NY2d at 666). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Edmonds, 229 AD3d at 1276).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court