People v Cruz (2026 NY Slip Op 01020)

People v Cruz

2026 NY Slip Op 01020

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 72996/22|SCI No. 72891/23|Appeal No. 5905|Case No. 2023-05807|

[*1]The People of the State of New York, Respondent,
vMarlon Cruz, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Xhesi Hysi of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew Kim of counsel), for respondent.

Judgment, Supreme Court, New York County (Anne Swern, J.), rendered September 28, 2023, convicting defendant, upon his plea of guilty, of Robbery in the Third Degree and Grand Larceny in the Fourth Degree (two counts) and sentencing him respectively to concurrent indeterminate prison terms of three and one-half to seven years, two to four years, and two to four years, unanimously affirmed.
Defendant's waiver of his right to appeal was not made knowingly, intelligently, and voluntarily (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Johnson, 14 NY3d 483, 486-487 [2010]). Although there is no mandatory litany that must be used to obtain a valid waiver of the right to appeal (Johnson, 14 NY3d at 486), when using the trial context to illustrate the waiver the court improperly suggested that the right to appeal was conditioned upon going to trial (see People v Colon, 219 AD3d 1256 [1st Dept 2023] [court's explanation improperly suggested that the right to appeal was "limited to review of trial errors"]; cf. People v Lopez, 6 NY3d 248, 257 [2006] [finding the waiver invalid where the court made the "misleading" statement that "when you plead guilty you waive your right of appeal."]). The detailed written waiver that defendant executed with counsel cannot save the confusing nature of the court's oral colloquy, " as a written waiver is not a complete substitute for an on-the-record explanation" (People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022] [internal quotation marks omitted]).
However, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026