■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX BRUNO, Appellant. [954 NYS2d 460]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 11, 1990 (*People v Bruno*, 162 AD2d 545 [1990]), affirming a judgment of the County Court, Westchester County, rendered July 15, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Mastro, Rivera and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON BYRD, Appellant. [954 NYS2d 464]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 25, 2010, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he validly waived his right to appeal. The Supreme Court sufficiently "describ[ed] the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty and elicit[ed] agreements of understanding from the defendant" (*People v Lopez*, 6 NY3d 248, 257 [2006]; *cf. People v Bradshaw*, 18 NY3d 257, 265 [2011]). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d at 255). Mastro, J.P., Skelos, Chambers and Sgroi, JJ., concur.