■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP BLACKWOOD, Appellant. [48 NYS3d 709]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 1, 2015, convicting him of criminal possession of weapon in the third degree and obstructing governmental administration in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the waiver of his right to appeal was valid. Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (*People v Johnson*, 14 NY3d 483, 486 [2010]), the record must demonstrate that the defendant "intentionally relinquish[ed] or abandon[ed] a known right that would otherwise survive a guilty plea" (*People v Hansen*, 95 NY2d 227, 230 n 1 [2000]; *see People v Johnson*, 14 NY3d at 486). "The best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (*People v Brown*, 122 AD3d 133, 142 [2014]).

Here, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (*see People v Brown*, 122 AD3d at 144). Contrary to the defendant's contention, the record adequately demonstrates that the defendant understood the distinction between the right to appeal and the trial rights automatically forfeited incident to a plea of guilty (*see People v Sanders*, 25 NY3d 337, 341 [2015]). On the record presented, the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Stiles*, 143 AD3d 747 [2016]; *People v Romero-Flores*, 128 AD3d 1102, 1102 [2015]; *People v McRae*, 123 AD3d 848, 848 [2014]). The de-

fendant's valid waiver of his right to appeal precludes appellate review of his contention that the County Court improvidently exercised its discretion in denying his application for a second adjournment prior to sentencing (*see People v Murphy*, 114 AD3d 704, 705-706 [2014]; *People v Watt*, 82 AD3d 912, 912 [2011]; *see also People v Spears*, 64 NY2d 698, 699-700 [1984]; *cf. La Rocca v Lane*, 47 AD2d 243, 245-246 [1975], *affd* 37 NY2d 575 [1975]). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.