Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Collini, J.), imposed May 14, 2014, upon his plea of guilty, on the ground that the sentence was excessive.
 

 Ordered that the sentence is affirmed.
 

 A waiver of the right to appeal “is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily” (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Brown, 122 AD3d 133, 136 [2014]). Although the Court of Appeals has “repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights” (People v Johnson, 14 NY3d 483, 486 [2010]), “[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it” (People v Brown, 122 AD3d at 142).
 

 Here, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Stiles, 143 AD3d 747, 747 [2016]; People v Romero-Flores, 128 AD3d 1102, 1102 [2015]; People v McRae, 123 AD3d 848, 848-849 [2014]; People v Brown, 122 AD3d at 144). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735 [1998]). Accordingly, the defendant’s valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Hardy, 120 AD3d 1358, 1358 [2014]; People v Arteev, 120 AD3d 1255, 1255 [2014]; People v Alexander, 104 AD3d 862, 862 [2013]).
 

 Eng, P.J., Dillon, Sgroi, Miller and Brathwaite Nelson, JJ., concur.