People v Spitzer (2018 NY Slip Op 05062)





People v Spitzer


2018 NY Slip Op 05062


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01819
 (Ind. No. 9575/14)

[*1]The People of the State of New York, respondent,
v
Alexander Spitzer, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William Miller, J.), imposed January 11, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
"[A] thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right" (People v Brown, 122 AD3d at 144). "[A] defendant should [also] . . . receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent" (id.). Finally, "trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final" (id.).
Here, contrary to the defendant's contention, the record of the plea proceeding demonstrates that the defendant understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon a plea of guilty and that the defendant was voluntarily relinquishing that right in consideration for the promised sentence (see People v Sanders, 25 NY3d [*2]337, 341; People v Byrd, 100 AD3d 1013, 1013; see also People v Brown, 122 AD3d at 144). Furthermore, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Rocchino, 153 AD3d 1284; People v Stiles, 143 AD3d 747, 747; People v Romero-Flores, 128 AD3d 1102, 1102; People v McRae, 123 AD3d 848, 848-849; see also People v Brown, 122 AD3d at 144). We conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). Accordingly, the defendant's valid waiver of his right to appeal precludes review of his contention that the sentence of probation imposed was excessive (see People v Hardy, 120 AD3d 1358, 1358; People v Arteev, 120 AD3d 1255, 1255; People v Alexander, 104 AD3d 862, 862).
MASTRO, J.P., MILLER, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court