People v Leak (2018 NY Slip Op 05695)





People v Leak


2018 NY Slip Op 05695


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-12909
2016-12911
2017-06199

[*1]The People of the State of New York, respondent,
v
Jeffery Leak, appellant. (S.C.I. Nos. 2263/16, 2264/16, 2265/16)


Paul Skip Laisure, New York, NY (Nao Teri of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle S. Fenn of counsel; Lorrie Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from three sentences of the Supreme Court, Queens County (Gia Morris, J., at pleas; Dorothy Chin-Brandt, J., at sentences), all imposed November 14, 2016, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to two counts of attempted robbery in the first degree (see Penal Law §§ 110.00, 160.15[4]) and one count of robbery in the third degree (see Penal Law § 160.05), in satisfaction of three superior court informations. He was sentenced, in accordance with the plea agreement, to (1) two determinate terms of 8 years' imprisonment plus 5 years of postrelease supervision on the convictions of attempted robbery in the first degree, and (2) an indeterminate term of 3½ to 7 years' imprisonment on the conviction of robbery in the third degree. The Supreme Court directed that all of the sentences of imprisonment would run concurrently with each other.
On appeal, the defendant contends that the sentences of imprisonment were excessive. The People contend that the defendant's argument is precluded by his waiver of the right to appeal.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d [*2]1284; People v Blackwood, 148 AD3d 716, 716).
Here, the record of the plea proceeding demonstrates that the defendant received an oral explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Rocchino, 153 AD3d 1284; People v Stiles, 143 AD3d 747, 747; People v Romero-Flores, 128 AD3d 1102, 1102; People v McRae, 123 AD3d 848, 848-849; see also People v Brown, 122 AD3d at 144). Furthermore, the record demonstrates that the defendant executed a written appeal waiver form which, among other things, showed that he understood that his right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Bryant, 28 NY3d 1094, 1096; see also People v Taylor, ___ AD3d ___, 2018 NY Slip Op 04009 [2d Dept 2018]). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bryant, 28 NY3d at 1096; People v Sanders, 25 NY3d 337, 341; People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). Accordingly, the defendant's valid waiver of his right to appeal precludes review of his contention that the sentences imposed were excessive (see People v Hardy, 120 AD3d 1358, 1358; People v Arteev, 120 AD3d 1255, 1255; People v Alexander, 104 AD3d 862, 862).
SCHEINKMAN, P.J., AUSTIN, MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court