People v Davis (2018 NY Slip Op 05862)





People v Davis


2018 NY Slip Op 05862


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-07122
 (Ind. No. 1348/15)

[*1]The People of the State of New York, respondent,
v
Rashan Davis, appellant.


Paul Skip Laisure, New York, NY (Laura B. Indellicati of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Dorothy Chin-Brandt, J.), imposed June 30, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to one count of attempted assault in the second degree (see Penal Law §§ 110.00, 120.05[6]). The defendant received an indeterminate sentence of two to four years' imprisonment in accordance with the plea agreement. On appeal, the defendant contends that his sentence of imprisonment was excessive. The People contend that the defendant's argument is precluded by the defendant's waiver of his right to appeal and that, in any event, the defendant's sentence of incarceration was not excessive.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, id. at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
"[A] thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right" (People v Brown, 122 AD3d at 144; see People v Medina, 161 AD3d 778). "[A] defendant should [also] . . . receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent" (People v Brown, 122 AD3d at 144). Finally, "trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final" (id.).
Here, the Supreme Court's terse oral colloquy regarding the waiver of the right to appeal was insufficient, by itself, to demonstrate that the defendant understood the nature of the right to appeal (see People v Cortez, 160 AD3d 893; People v Laboy, 153 AD3d 1363; People v Herring, 150 AD3d 1148). Although the record reflects that the defendant signed a more comprehensive written waiver and indicated that he "was aware of its contents" (People v Brown, 122 AD3d at 139 [internal quotation marks omitted]; see People v Bryant, 28 NY3d 1094, 1096), the defendant's subsequent statements to the court during the plea proceeding revealed that he did not, in fact, understand the appeal waiver (cf. People v Foxworth, 161 AD3d 1103; People v Valerio, 154 AD3d 887; People v Calabrese, 153 AD3d 1268; People v Oliveri, 151 AD3d 754; People v English, 142 AD3d 1103). This confusion was consistent with the record evidence of the defendant's mental health issues (cf. People v Walker, 151 AD3d 1730, 1731). Contrary to the People's contention, the court did not respond in a meaningful way to the defendant's confusion, as the court merely confirmed again that the defendant had signed the written waiver before the court addressed other topics (cf. People v Leonard, 25 AD3d 925, 925-926). Under all of the circumstances, including the deficient oral colloquy, the defendant's demonstrated history of recent mental health issues, the confusion expressed by the defendant on the record during the plea proceeding, and the court's failure to meaningfully inquire into the defendant's confusion, we conclude that the record of the plea proceeding does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brown, 122 AD3d 133; see generally People v Bryant, 28 NY3d at 1096; People v Sanders, 25 NY3d 337, 340-341; People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735).
Nevertheless, contrary to the defendant's contention, the sentence of imprisonment imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., DILLON, MILLER, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court