People v Swen (2018 NY Slip Op 05949)





People v Swen


2018 NY Slip Op 05949


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-00040
 (Ind. No. 121/15)

[*1]The People of the State of New York, respondent,
v
Robert Swen, appellant.


Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Stephen J. Rooney, J.), imposed December 3, 2015, upon his plea of guilty, on the ground that the sentence was excessive. Cross motion by the respondent to dismiss the appeal on the ground that it is barred by CPL 450.10(1).
ORDERED that the cross motion is denied; and it is further,
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to one count of criminal possession of a weapon in the third degree (Penal Law § 265.02[1]). He was sentenced, in accordance with the plea agreement, to an indeterminate term of one to three years' imprisonment.
On appeal, the defendant contends that the sentence was excessive. The People cross-move to dismiss the appeal on the ground that it is barred by CPL 450.10(1). The People further argue that review of the defendant's excessive sentence contention is precluded because he waived his right to appeal.
CPL 450.10(1) provides a criminal defendant with the right to appeal a judgment "unless the appeal is based solely upon the ground that a sentence was harsh or excessive when such sentence was predicated upon entry of a plea of guilty and the sentence imposed did not exceed that which was agreed to by the defendant as a condition of the plea." As the People acknowledge, the Court of Appeals has held that this provision is unconstitutional because "it imposes a limitation or condition on the jurisdiction of the Appellate Division of Supreme Court in contravention of NY Constitution, article VI, § 4(k)" (People v Pollenz, 67 NY2d 264, 267-268). Contrary to the People's contention, the subsequent determination of the Court of Appeals in People v LaFontaine (92 NY2d 470) did not implicitly overrule this aspect of People v Pollenz or otherwise affect the constitutionality of CPL 450.10(1) (see People v Walker, _____ AD3d _____, 2018 NY Slip Op 05709 [2d Dept 2018]; People v Lyons, 161 AD3d 1196; cf. William C. Donnino, 2016 [*2]Supplementary Practice Commentaries, McKinney's Cons Laws of NY, CPL 470.15). Accordingly, the People's cross motion to dismiss the defendant's appeal must be denied.
However, the People are correct that the defendant's valid waiver of his right to appeal precludes review of his contention that his sentence was excessive. A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
"[A] thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right" (People v Brown, 122 AD3d at 144; see People v Spitzer, _____ AD3d _____, 2018 NY Slip Op 05062 [2d Dept 2018]). "[A] defendant should [also] receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent" (People v Brown, 122 AD3d at 144; see People v Spitzer, _____ AD3d _____, 2018 NY Slip Op 05062). Finally, "trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final" (People v Brown, 122 AD3d at 144; see People v Spitzer, _____ AD3d _____, 2018 NY Slip Op 05062).
Here, the record of the plea proceeding demonstrates that the defendant understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon a plea of guilty and that the defendant was voluntarily relinquishing that right in consideration for the promised sentence (see People v Sanders, 25 NY3d 337, 341; People v Byrd, 100 AD3d 1013, 1013; see also People v Brown, 122 AD3d at 144). Furthermore, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Spitzer, _____ AD3d _____, 2018 NY Slip Op 05062; People v Rocchino, 153 AD3d 1284; People v Stiles, 143 AD3d 747, 747; People v Romero-Flores, 128 AD3d 1102, 1102; People v McRae, 123 AD3d 848, 848-849; see also People v Brown, 122 AD3d at 144). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). Accordingly, the defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Hardy, 120 AD3d 1358, 1358; People v Arteev, 120 AD3d 1255, 1255; People v Alexander, 104 AD3d 862, 862).
SCHEINKMAN, P.J., AUSTIN, MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court