People v Li (2019 NY Slip Op 01098)





People v Li


2019 NY Slip Op 01098


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06265
2017-06266
 (Ind. No. 311N/16, S.C.I. No. 432N/17)

[*1]The People of the State of New York, respondent,
v
Terrell Li, appellant.


Martin Geduldig, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Cristin N. Connell of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (William Donnino, J.), both rendered May 15, 2017, convicting him of robbery in the second degree and burglary in the second degree under Indictment No. 311N/16, and promoting prison contraband in the first degree under Superior Court Information No. 432N/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
As this Court recently articulated, " a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" (People v Batista, 167 AD3d 69, 76, quoting People v Brown, 122 AD3d at 144; see People v Medina, 161 AD3d 778, 779). A defendant should also " receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926; People v Alston, 163 AD3d 843, 843-844). Finally, " trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final'" (People v Batista, 167 AD3d at 76, quoting People v Brown, [*2]122 AD3d at 144; see People v Swen, 164 AD3d 926; People v Alston, 163 AD3d at 843-844). As we pointed out in Batista, the Criminal Jury Instructions & Model Colloquies, available online through the New York State Unified Court System's website, include a model colloquy for the waiver of the right to appeal (see People v Batista, 167 AD3d at 76-77). While the use of the model colloquy is not mandatory, its use may nevertheless "substantially reduce the difficulties" (id. at 83 [Scheinkman, P.J., concurring]), provided that the trial judges retain and use flexibility to undertake individualized inquiries as appropriate.
Here, the records of the two plea proceedings each demonstrate that the defendant understood that the appeal waivers were separate and distinct from those rights automatically forfeited upon a plea of guilty and that the defendant was voluntarily relinquishing those rights in consideration for the promised sentences (see People v Sanders, 25 NY3d 337, 341; People v Swen, 164 AD3d at 927; People v Spitzer, 163 AD3d 591, 592; see also People v Brown, 122 AD3d at 144). Furthermore, the record of the plea proceedings each demonstrate that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Swen, 164 AD3d at 927; People v Spitzer, 163 AD3d at 592; People v Rocchino, 153 AD3d at 1284; People v Stiles, 143 AD3d 747, 747; People v Romero-Flores, 128 AD3d 1102, 1102; People v McRae, 123 AD3d 848, 848-849; see also People v Brown, 122 AD3d at 144). On the record presented, the defendant knowingly, voluntarily, and intelligently waived his right to appeal from both of the judgments at issue on these appeals (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). Accordingly, the defendant's valid waiver of his right to appeal from the two judgments precludes review of his challenge to the Supreme Court's suppression ruling (see People v Sanders, 25 NY3d at 342; People v Kemp, 94 NY2d 831, 833; People v Bird, 164 AD3d 1357).
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court