People v Carryl (2019 NY Slip Op 01088)





People v Carryl


2019 NY Slip Op 01088


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-04932

[*1]The People of the State of New York, respondent,
v
Michaell Carryl, appellant. (S.C.I. No. 6667/16)


Paul Skip Laisure, New York, NY (Isa Chakarian of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel; Anna Arena on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Frederick C. Arriaga, J., at plea; John T. Hecht, J., at sentence), rendered April 4, 2017, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to burglary in the third degree. The defendant was sentenced, in accordance with the plea agreement, to a three-year period of conditional discharge (see Penal Law § 65.05). At the time of sentencing, the Supreme Court issued a final order of protection in favor of the complainant.
On appeal, the defendant contends that the three-year period of conditional discharge was excessive and that he should have received an unconditional discharge (see Penal Law § 65.20). The defendant also raises contentions relating to the final order of protection. In response, the People argue, among other things, that the defendant's challenge to his sentence is precluded by his valid waiver of the right to appeal and that his arguments relating to the order of protection are unpreserved for appellate review.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
As this Court recently articulated, " a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" [*2](People v Batista, 167 AD3d 69, 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926, 927; People v Davis, 164 AD3d 827, 828; People v Spitzer, 163 AD3d 591, 592; People v Medina, 161 AD3d 778, 779). A defendant should also " receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d at 927; People v Davis, 164 AD3d at 828; People v Spitzer, 163 AD3d at 592). Finally, " trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d at 927-928; People v Davis, 164 AD3d at 828; People v Spitzer, 163 AD3d at 592). As we pointed out in Batista, the Criminal Jury Instructions & Model Colloquies, available online through the New York State Unified Court System's website, include a model colloquy for the waiver of the right to appeal (see People v Batista, 167 AD3d at 76-77). While the use of the model colloquy is not mandatory, its use may nevertheless "substantially reduce the difficulties" (id. at 83 [Scheinkman, P.J., concurring]), provided that the trial judges retain and use flexibility to undertake individualized inquiries as appropriate.
Here, the record of the plea proceeding demonstrates that the defendant understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon a plea of guilty and that the defendant was voluntarily relinquishing that right in consideration for the promised sentence (see People v Sanders, 25 NY3d 337, 341; People v Byrd, 100 AD3d 1013, 1013; see also People v Brown, 122 AD3d at 144). Furthermore, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Spitzer, 163 AD3d at 592; People v Rocchino, 153 AD3d 1284; People v Stiles, 143 AD3d 747, 747; People v Romero-Flores, 128 AD3d 1102, 1102; People v McRae, 123 AD3d 848, 848-849; see also People v Brown, 122 AD3d at 144). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). Accordingly, the defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Hardy, 120 AD3d 1358, 1358; People v Arteev, 120 AD3d 1255, 1255; People v Alexander, 104 AD3d 862, 862).
The defendant's contentions regarding the final order of protection issued at the time of sentencing survive his appeal waiver (see People v Kennedy, 151 AD3d 1079, 1079; People v Bernardini, 142 AD3d 671, 671). However, the defendant's contentions are unpreserved for appellate review, since he did not raise these issues at sentencing or move to amend the final order of protection (see People v Nieves, 2 NY3d 310, 316-317; People v Elgut, 164 AD3d 1360, 1361; People v Ramos, 164 AD3d 922, 923). Under the circumstances of this case, we decline to reach the defendant's contentions regarding the final order of protection in the exercise of our interest of justice jurisdiction, as "the better practice—and best use of judicial resources—is for a defendant seeking adjustment of [an order of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Elgut, 164 AD3d at 1361; People v Seeley, 162 AD3d 799, 799; People v Appiarius, 160 AD3d 889, 889; People v Powell, 158 AD3d 824, 824).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court