People v Orta (2019 NY Slip Op 01237)





People v Orta


2019 NY Slip Op 01237


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-12125
 (Ind. No. 25/15)

[*1]The People of the State of New York, respondent,
v
Ramsey Orta, appellant.


Janet E. Sabel, New York, NY (Katheryne M. Martone of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Stephen J. Rooney, J.), imposed October 3, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which, inter alia, he pleaded guilty to criminal sale of a controlled substance in the third degree. The defendant was sentenced, in accordance with the plea agreement, to a determinate term of imprisonment of four years plus 1½ years of postrelease supervision. On appeal, the defendant contends that his sentence was excessive. The People contend, among other things, that the defendant's argument is precluded by his waiver of the right to appeal.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
Here, the record of the plea proceedings, which included both an oral and written waiver of the defendant's right to appeal, demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Bryant, 28 NY3d 1094, 1096; People v Leak, 164 AD3d 606, 607). Furthermore, the record demonstrates that the defendant understood that his right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Sanders, 25 NY3d 337, 341; People v Leak, 164 AD3d at 607). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bryant, 28 NY3d at [*2]1096; People v Sanders, 25 NY3d at 341; People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Leak, 164 AD3d at 607; People v Hardy, 120 AD3d 1358, 1358; People v Arteev, 120 AD3d 1255, 1255).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court