People v Ayala (2019 NY Slip Op 03799)





People v Ayala


2019 NY Slip Op 03799


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-03461
 (Ind. No. 6936/15)

[*1]The People of the State of New York, respondent,
v
Eduardo Ayala, appellant.


Paul Skip Laisure, New York, NY (Melissa S. Horlick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), imposed March 10, 2017, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to burglary in the third degree and robbery in the third degree. He was sentenced, in accordance with the plea agreement, to an indeterminate term of 3½ to 7 years' imprisonment on each conviction, with both sentences of imprisonment to run consecutively to each other.
On appeal, the defendant contends that the sentence imposed was excessive. The People argue that review of the defendant's contention is precluded because he waived his right to appeal.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). However, a waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (id. at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
As this Court recently articulated, " a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" (People v Batista, 167 AD3d 69, 76, quoting People v Brown, 122 AD3d at 144; see People v Medina, 161 AD3d 778, 779). A defendant should also " receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a [*2]higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926; People v Alston, 163 AD3d 843, 843-844). Finally, " trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926; People v Alston, 163 AD3d at 843-844).
Here, the record of the plea proceedings demonstrates that the defendant understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon a plea of guilty and that the defendant was voluntarily relinquishing that right in consideration for the promised sentence (see People v Bryant, 28 NY3d 1094, 1096; People v Sanders, 25 NY3d 337, 341; People v Byrd, 100 AD3d 1013, 1013; see also People v Brown, 122 AD3d at 144). Furthermore, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Spitzer, 163 AD3d 591; People v Rocchino, 153 AD3d 1284; People v Stiles, 143 AD3d 747, 747; People v Romero-Flores, 128 AD3d 1102, 1102; People v McRae, 123 AD3d 848, 848-849; see also People v Brown, 122 AD3d at 144). Under the circumstances, including the defendant's "extensive experience with the criminal justice system" (People v Sanders, 25 NY3d at 342), the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 735). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Hardy, 120 AD3d 1358, 1358; People v Arteev, 120 AD3d 1255, 1255; People v Alexander, 104 AD3d 862, 862).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court