People v Echevarria (2020 NY Slip Op 00875)





People v Echevarria


2020 NY Slip Op 00875


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11353
 (Ind. No. 1091/11)

[*1]The People of the State of New York, respondent,
v
Jonathan Echevarria, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot of counsel; Victoria Randall and Kristina A. D'Angelo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Joseph A. Zayas, J.), imposed September 28, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant pleaded guilty to manslaughter in the first degree after entering into a plea agreement with the People. The defendant was sentenced, in accordance with the terms of the plea agreement, to a determinate term of imprisonment of 18 years, to be followed by 5 years of postrelease supervision. On appeal, the defendant contends that his sentence was excessive. The People argue that the defendant's contention is precluded by his appeal waiver and that, in any event, the sentence was not excessive.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). However, a waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (id. at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136).
Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284, 1284-1285; People v Blackwood, 148 AD3d 716, 716). As this Court has repeatedly articulated, " a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" (People v Batista, 167 AD3d 69, 76, quoting People v Brown, 122 AD3d at 144; see People v Medina, 161 [*2]AD3d 778, 779).
Here, particularly in light of the defendant's young age and inexperience with the criminal justice system, the relatively terse oral colloquy was insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Gions,177 AD3d 769; People v Romelo P., 176 AD3d 977; People v Mena, 173 AD3d 1217, 1217; People v Mendoza, 169 AD3d 717, 717; People v Diasia F., 164 AD3d 913, 913-914; People v Ndaula, 158 AD3d 650, 650). Furthermore, although the record reflects that the defendant executed a written appeal waiver form prior to the Supreme Court's colloquy, the court did not ascertain on the record whether the defendant had actually read the written waiver (see People v Gions, 177 AD3d 769; People v Romelo P., 176 AD3d 977; People v Mena, 173 AD3d at 1217; People v Mendoza, 169 AD3d at 717). Under the circumstances, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Seaberg, 74 NY2d 1, 11).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court