People v Aquino (2021 NY Slip Op 02810)





People v Aquino


2021 NY Slip Op 02810


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-13233

[*1]The People of the State of New York, respondent,
v
Melvin Aquino, appellant. (S.C.I. No. 640/17)


Janet E. Sabel, New York, NY (Antonio Villaamil of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Michael Ofori on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Suzanne J. Melendez, J.), rendered May 4, 2017, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant waived his right to be prosecuted by indictment and agreed to be prosecuted under a superior court information (hereinafter SCI) charging him with attempted robbery in the second degree. The defendant pleaded guilty to the charge in exchange for a promised sentence of 2 years' imprisonment followed by 2 years of postrelease supervision. The promised sentence was imposed.
The defendant's contention that the written waiver of indictment failed to comply with CPL 195.20, in that it does not contain the "approximate time and place" of the offenses to be charged in the SCI, is forfeited by his plea of guilty (see People v Thomas, 34 NY3d 545, 569; People v Aquino, 191 AD3d 895; People v Cruz, 186 AD3d 1393, 1393; People v King, 184 AD3d 909, 910).
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Echevarria, 180 AD3d 703, 703). However, a waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Brown, 122 AD3d 133, 136). Here, the terse oral colloquy was insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Moncrieft, 168 AD3d 982, 984). The Supreme Court improperly conflated the waiver of the right to appeal with the rights automatically forfeited by a plea of guilty (see People v Harris, 175 AD3d 1555, 1556; People v Ortiz, 167 AD3d 658, 659). As such, the record does not demonstrate that the defendant understood the nature of the right he was being asked to waive or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Harris, 175 AD3d at 1557; People v Medina, 161 AD3d 778, 779). Moreover, the court mischaracterized the scope of the appeal waiver by stating that the defendant's conviction and [*2]sentence would be final (see People v Thomas, 34 NY3d 545; People v Simpson, 184 AD3d 677, 678). Accordingly, the defendant did not validly waive the right to appeal.
However, considering all the relevant circumstances in this case, we conclude that the sentence imposed was not excessive (see People v Saveljevs, 180 AD3d 943; People v Vega, 165 AD3d 984, 984; People v Suitte, 90 AD2d 80).
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court