People v Mata (2025 NY Slip Op 06333)

People v Mata

2025 NY Slip Op 06333

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2024-00845
 (Ind. No. 70251/22)

[*1]The People of the State of New York, respondent,
v
Alexis Felipe Sandoval Mata, appellant.

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Tammy Robbins, J.), rendered December 20, 2023, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 567; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256-257). Contrary to the defendant's contention, the County Court's colloquy adequately explained that the waiver of the right to appeal was separate and distinct from the trial rights that would be automatically forfeited as a consequence of the defendant's plea of guilty (see People v Colonna, 239 AD3d 671; People v Byrd, 100 AD3d 1013).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the County Court's suppression determination (see People v Sanders, 25 NY3d 337, 341-342; People v Colonna, 239 AD3d 671) and his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 256).
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court